IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID L. CARROLL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:06-CV-0487-TFM |
| | ) | [wo] |
| JO ANNE B. BARNHART | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff David L. Carroll, ("Carroll") appeals from a final decision of the Commissioner of Social Security ("the Commissioner") denying his application for Disability Insurance Benefits under Title II of the Social Security Act ("the Act"). 42 U.S.C. § § 401 et seq. After careful and ordered examination of the record, briefs, and the relevant law the court **AFFIRMS** the Commissioner's decision.

**I. PROCEDURAL HISTORY**

On November 16, 2003, Carroll applied for Disability Insurance Benefits under Title II, alleging disability since July 25, 2002. (R.15-16). Carroll's application was denied and Carroll did not appeal. (R.46-47).

On June 22, 2004, Carroll filed another application for Disability Insurance Benefits under Title II, alleging disability since July 25, 2002. (R.71-74). Carroll's application was

denied thus he appealed to the Honorable John T. Yeary, the Administrative Law Judge ("ALJ"). On May 16, 2005, the ALJ heard the appeal through videoteleconference.. (R.15). Carroll, age 55 at the time of the hearing, testified that he has a twelfth grade education. (R.16). Carroll has past relevant work experience as a lathe operator. (R.16). The ALJ found that Carroll had not engaged in substantial gainful work since the alleged onset date of disability. (R.16). Further, the ALJ determined Carroll had severe impairment of the right wrist. (R.18). In his credibility assessment, the ALJ found Carroll less than totally credible. (R.19). Most importantly, the ALJ found Carroll able to perform past relevant work which meant Carroll was not disabled within the meaning of the Act. (R.20).

On June 20, 2005, the ALJ held that Carroll was not disabled within the meaning of the Social Security Act. (R.21). On March 31, 2006, the Social Security Administration Appeals Council denied Carroll's request for review. (R.4-7). When the Appeals Council denied review, the ALJ ruling became the final and judicially reviewable decision of the Commissioner. 42 U.S.C. § 405(g). This appeal to the United States District Court is timely and proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636(c).

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the

correct legal standards were applied." *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994). The case may be remanded to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405 (g); under sentence six of 42 U.S.C. § 405 (g); or under both sentences. *Jackson v. Chater*, 99 F.3d 1086, 1089-92, 1095, 1098 (11th Cir. 1996).

### III.  ISSUES

Carroll raises two issues for review:

1. Whether the Commissioner's decision should be reversed because the ALJ did not include a function-by function assessment of Carroll limitations, as required by SSR 96-8p.

2. Whether the Commissioner should be reversed because there is no support for the ALJ's RFC assessment.

### IV. FACTS

On December 17, 2001, Carroll fell down 10 stairs and injured his right arm, wrist and left shoulder. (R.127). Medical examination in the emergency room revealed Carroll sustained tenderness, swelling, ecchymosis in the right wrist, and a distal fracture of the right ulna from the fall. (R.128).

On December 21, 2001, Dr. Chitwood of Southern Boine & Joint Specialist examined Carroll and found Carroll's wrist was tender on the ulnar side and swollen. (R.140). Dr. Chitwood diagnosed the injury as an ulnar shaft fracture and put the arm in a long cast. (R.140).

On January 4, 2002, Dr. Chitwood conducted a followup examination of Carroll. (R.138). Dr. Chitwood determined the fracture was healing. (R.138). Other followup visits with Dr. Chitwood on January 17, 2002, February 12, 2002, and March 12, 2002, revealed bone calluses forming around the fracture site and stiff pronation and supination.(R.135-137). By March 12, 2002, Dr. Chitwood determined the fracture was healed and surgery was the

best medical means by which to improve the pronantion and supination. However, Dr. Chitwood advised against surgical intervention. (R.135).

## V.   DISCUSSION

**A.   Function by Function Assessment**

The parties agree SSR 96-8p is the controlling law and requires the ALJ, *inter alia*, to conduct a function by function assessment of Carroll's work related abilities. Carroll particularly complains the ALJ did not put in the record adequate facts to determine Carroll had Residual Functional Capacity ("RFC") to perform past relevant work or light exertional work. The Commissioner responds that the ALJ conducted a methodical and transparent review as required. The Court agrees with the Commissioner. Each impairment stated by Carroll was considered by the ALJ.[1]

**1.   Hearing loss**

In part, Carroll alleges disability because of hearing loss. (R.17). Carroll introduced no evidence of diagnosis or treatment related to hearing loss. Carroll claimed bilateral hearing loss on July 27, 2004, during a consultive examination by Mark Ellis, D.O. Dr. Ellis noted Carroll spoke in a normal voice and was able to hear normal conversation. (R.144). Carroll did not ask Dr. Ellis to speak louder during the examination. (R.145). From the objective evidence the ALJ properly concluded the allegations of hearing loss were not

---

[1] A medically determinable impairment or combination of imparments is "severe" if it significantly limits an individuals's physical or mental ability to do basic work actvities. 20 C.F.R. § 404.1520. If a severe impairment exists, all medically determinable impairments must be considered in the remaining steps of the sequential analysis. 20 C.F.R.§ 404.1523

proven to create a medically determinable impairment. SSR 96-3p.

**2.     Right hip problems**

Carroll also alleges disability because of right hip problems. Dr. Ellis found no objective medical evidence of any problems with Carroll's right hip. Specifically, Dr. Ellis found no atrophy, deformity or wastage in Carroll's lower extremities. (R.144-145). Dr. Ellis did not find any swelling, redness, crepitus, or increased warming in the joints to account for any problems Carroll might have with his right hip. (R.144). Carroll had normal sensation to light touch and proprioception in the lower extremities. (R.145). In sum, nothing in the examination or record indicates Carroll has any medical problems with his right hip. The ALJ properly concluded the allegations were not proven to create a medically determinable impairment of Carroll's right hip. SSR 96-3p.

**3.     Arm problems**

In part, Carroll alleges disability because of arm problems. The medical evidence demonstrates the arm condition at issue arises from a fracture Carroll sustained on December 17, 2001 when Carroll fell down ten (10) steps. (R.127) The medical records revealed the fracture had healed by March 12, 2002. (R.135). During the consultive examination, Dr. Ellis found Carroll had some chronic deformity of and decreased range of motion in the right wrist. (R.144). . Carroll was able to manipulate objects with each hand and had normal strength in his biceps, triceps, forearms, hands and shoulder muscles. (R.144-145). According to Dr. Ellis, Carroll had normal distal pulses in both arms. (R.144). Carroll performs normal self care activities such as dressing and feeding himself despite the

problems with his right wrist. (R.145). The ALJ found the medical problems did significantly limit Carroll in performing basic work activities thus Carroll had a severe impairment. Nonetheless, the ALJ found the impairment was not a severe enough impairment to meet or medically equal, either singly or in combination one of the impairments listed in Appendix 1, Subpart P. Regulation No. 4. (R.20). Nothing in the record suggests Carroll underwent further medical examination or sought further medical treatment of his wrist injuries until he was examined by Dr. Ellis. (R.18-19).

### 4. Collective Problems

Aside from bare allegations, Carroll presented no evidence to show medically determinable impairment of his hearing or right hip. Carroll has the burden of proof and the ALJ properly found Carroll did not meet his burden. *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991). Carroll did present medical proof sufficient for the ALJ to find severe impairment of the right wrist. (R.20). The ALJ properly found the impairment was not severe enough to meet or medically equal, either singly or in combination of the listed impairments. Appendix 1, Subpart P, Regulation No. 4.

The ALJ ruling must stand for at least three reasons. First, the most damaging evidence before the ALJ came from Carroll. Carroll testified he was terminated from his past relevant work for reasons unrelated to his health. (R.83). Specifically, Carroll was terminated because of his alleged consumption of alcohol. (R.160). Carroll demonstrated he could and did work despite the physical effects of his fall thus it is illogical to conclude Carroll is unable to perform past, relevant work or work otherwise available in the national

economy. *Kelly v. Barnhart*, 372 F.3d 958, 961 (8th Cir. 2004). *Potter v. Secretary of Health & Human Services*, 905 F.2d 1346, 1349 (10th Cir. 1990).

Next, no physician who examined Carroll concluded he is disabled within the meaning of the Act. The lack of medical evidence is sufficient to uphold the ALJ's decision. *Young v. Apfel*, 221 F.3d 1065, 1069 (8th Cir. 2000); *Brown v. Chater*, 87 F. 3d 963, 964 (8th Cir. 1996); *Ray v. Bowen*, 865 F. 2d 222, 226 (10th Cir. 1989); *Rice v. Apfel*, 990 F. Supp 1289, 1294 (D. Kan. 1997).

Third, Carroll had no medical treatment after the alleged onset of disability. (R.18-19). Carroll's failure to pursue medical treatment perhaps accounts for the lack of any medical opinion to conclude Carroll is disabled within the meaning of the Act. In any event, Carroll's failure to pursue medical treatment is evidence to support the ALJ's determination. *Watson v. Heckler*, 738 F.2d 1169, 1173 (11th Cir. 1984). Closely intertwined with Carroll's lack of medical treatment is Carroll's failure to use prescription or nonprescription medications to alleviate his health conditions. (R.18-19). *Harwell v. Heckler*, 735 F.2d 1292, 1293 (11th Cir. 1984). In sum, Carroll simply failed to show his wrist injury prohibits him from performing past relevant work or other work available in the national economy. Contrary to Carroll's assertions, the ALJ did conduct a step by step analysis of Carroll's condition. SSR 96-8p. 20 C.F.R. § 404.1545. In essence, Carroll simply disagrees with the ALJ findings. The court agrees with the ALJ's factual findings and conclusions of law.

Finally, Carroll argues there was no physical capacities evaluation to support the ALJ findings regarding RFC. Carroll argument ignores the fact RFC is a byproduct synthesized

from many sources including medical records. 20 C.F.R. § 404.1545(a).  Further, Carroll has the burden to provide evidence for the ALJ to determine RFC. 20 C.F.R. § 404.1545(a)(3).  Carroll produced no evidence to support his hearing claim or his right hip claim.  The medical evidence related to his wrist is more than ample to show Carroll has RFC to perform past relevant work or work otherwise available in the national economy.

To the extent Carroll relies upon his subjective allegations of pain with respect to his RFC, the ALJ properly determined Carroll is not fully credible. Carroll's disability claims related to hearing loss and right hip problems simply were untrue.  All objective medical evidence indicates Carroll exaggerated his condition. To the extent objective medical evidence indicates Carroll has wrist problems, Carroll has not sought treatment since the alleged onset of disability and takes no medication to alleviate any conditions.  The ALJ properly found Carroll exaggerates his claim related to his wrist injury. *Marbury v. Sullivan*, 957 F. 2d 837, 839 (11th Cir. 1992); *Wilson v. Heckler*, 734 F. 2d 513, 517 (11th Cir. 1984).

## VI.  CONCLUSION

Based on the findings and conclusions detailed in this *Memorandum Opinion*, the court finds the decision of the ALJ supported by substantial evidence and a proper application of the law.  Accordingly, it is **ORDERED** that the decision of the Commissioner is **AFFIRMED.**

A separate judgment is entered herewith.

Done this 19th day of January, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE